IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

RICHARD KIRKPATRICK, #15320-078          §

VS.                                                         §                    CIVIL ACTION NO. 4:09cv464
                                                                                  CRIM. ACTION NO. 4:08cr92

UNITED STATES OF AMERICA                   §

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Richard Kirkpatrick filed the above-styled and numbered motion to vacate, set aside

or correct his sentence pursuant to 28 U.S.C. § 2255.  The cause of action was referred for findings

of fact, conclusions of law and recommendations for the disposition of the case.

Background of the Case

On May 8, 2008,  Movant pleaded guilty pursuant to a written plea agreement.  On November

24, 2008,  he was sentenced to thirty-one (31) months of imprisonment for conspiracy to commit

wire fraud, in violation of 18 U.S.C. §371.  He did not file a direct appeal.  On September 14, 2009,

Movant filed the present § 2255 motion.

In his § 2255 motion, Movant argued that he is entitled to relief based on thirteen grounds

for relief:

1.     Public Law  80-772 and 18 U.S.C. § 2321 are unconstitutional and court did not have
       jurisdiction;
2.     Court failed to establish that crimes were committed in the Eastern District of Texas;
3.     Court had no territorial jurisdiction over Movant;
4.     No adequate verified criminal complaint was produced, so case is void;
5.     Separation of powers doctrine violated;
6.     Sentence is void because Judge had no authority to sentence;

1

7.  Judge is not "independent," so conflict of interest exists;
8.  Trial counsel was ineffective for failing to investigate, file motions, obtain discovery, and "allowed [Movant] to enter into a coerced plea;"
9.  Conviction obtained by use of coerced confession;
10. Fed. R. Crim. P. Rule 6 is unconstitutional on its face;
11. Brady violation;
12. Classified Information Procedures Act violated; and
13. No jurisdiction pursuant to 18 U.S.C. § 546.

The Government was not ordered to file a response.

## Discussion and Analysis

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

Movant signed a plea agreement containing the following waiver provision:

> Except as otherwise provided herein, Defendant expressly waives the right to appeal the conviction and sentence in this case on all grounds. Defendant further agrees not to contest the sentence in any post-conviction proceeding, including, but not limited to, a proceeding under Title 28, United States Code, Section 2255. Defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum, and (b) a claim of ineffective assistance of counsel that affects the validity of this waiver itself.

The Fifth Circuit has upheld the informed and voluntary waiver of post-conviction relief in

*United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).  In *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995), the Fifth Circuit held that a waiver may not be enforced against a § 2255 movant who claims that ineffective assistance of counsel rendered that waiver unknowing or involuntary.  In *United States v. White*, 307 F.3d 336 (5th Cir. 2002), the Fifth Circuit held that an ineffective assistance of counsel claim raised in a § 2255 proceeding survives a waiver only when the claimed assistance directly affected the validity of that waiver or the plea itself.  More recently, the Fifth Circuit noted that it has upheld § 2255 waivers except for when there is an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum.  *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004).  In addition in his consent to plea Movant acknowledged that his appeal rights were limited.

Movant urges many grounds for relief in his 2255 motion.  However, in each of his claims except for one, he presents no arguments that are reserved for review as outlined in his plea agreement.   The one issue that should be examined is found in his eighth ground for relief.  He claims that his counsel was ineffective for allowing him to enter into a coerced plea.  Based on this one complaint, the Court will examine the voluntariness of his plea. In his consent to plea, he stated that his plea was voluntary and he was pleading because he was guilty . He also stated he was satisfied with his counsel.

In his plea agreement, Movant stated that he understood the nature and elements of the crime. He also understood that the sentence would be imposed by the Court and that no one can predict the outcome of the Court's consideration of the guidelines. Movant understood the range of possible sentencing.  Movant stated that he thoroughly reviewed all legal and factual aspects of his case with his attorney and was fully satisfied with his legal representation.  He conceded that he was guilty and determined that it was in his best interest to enter into the plea agreement rather than proceeding to trial.   Movant also stated that he fully understood his plea agreement and voluntarily agreed to it.

The Court also filed a document in the underlying criminal case entitled, "Findings of Fact and Recommendation on Guilty Plea Before the Untied States Magistrate Judge." In this document, the Court found that Movant "is fully competent and capable of entering an informed plea, that [Movant] is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense." Based on the evidence in the record, this Court concludes that Movant's guilty plea was voluntary and knowing. There is no evidence of coercion. Accordingly, the one issue raised concerning a coerced plea of guilty is without merit.

In the present habeas case, Movant presents no other issue that is preserved for review. He does not assert a claim that his sentence exceeded the statutory maximum. He does not assert any other ineffective assistance of counsel claims that affect the validity of the waiver itself. Movant does not assert that he did not understand the terms of the plea agreement. Furthermore, the evidence in the record shows that Movant understood his plea agreement and knowingly and voluntarily entered into it. In conclusion, Movant's 2255 habeas motion should be denied because of the waiver in his voluntary and knowing plea agreement.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best

position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003).  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604).  Accordingly, it is respectfully recommended that the Court find that Movant is not entitled to a certificate of appealability as to his claims.

5

<u>Recommendation</u>

It is accordingly recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice.  It is further recommended that a certificate of appealability be denied.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court.  *Douglass v. United States Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 2nd day of November, 2009.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE